**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1585**

─────────────

KINSEY THERON KNIGHT,

> Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

> Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Mary Gordon Baker, Magistrate Judge.  (2:20-cv-02734-MGB)

─────────────

Submitted:  January 30, 2023                           Decided:  April 20, 2023

─────────────

Before DIAZ and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Alton L. Martin, Jr., MARTIN & MARTIN ATTORNEYS, PA, Greenville, South Carolina, for Appellant. Brian C. O'Donnell, Regional Chief Counsel, Katie M. Gaughan, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Adair Ford Boroughs, United States Attorney, Columbia, South Carolina, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kinsey Theron Knight appeals from the district court's[1] order affirming the decision of the Commissioner of Social Security and denying disability benefits for the period after June 10, 2016, due to medical improvement. Knight argued in district court that the Administrative Law Judge ("ALJ") erred in finding that his condition did not satisfy Listing 1.04A (nerve root compression). The district court held that, although the ALJ erred by finding that Knight did not satisfy Listing 1.04A for the time period prior to June 10, 2016, the error was harmless because the ALJ found Knight disabled during that time period at another step in the disability process. The district court proceeded to find that substantial evidence supported the ALJ's decision that Knight did not meet Listing 1.04A after June 10, 2016. On appeal, Knight asserts that the ALJ procedurally erred in determining that he showed medical improvement as of June 10, 2016.[2] We agree.

A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings. 20 C.F.R. § 404.1594(b)(1). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [claimant was] disabled." *Id.* In finding medical improvement, the ALJ relied on a June 9, 2016, Functional Capacity Evaluation ("FCE"), finding that Knight was capable of light work.

---

[1] The parties consented to the jurisdiction of the magistrate judge.

[2] On appeal, Knight raises various other claims. Because we remand for further evaluation, we decline to address these claims.

2

The ALJ noted that the FCE was consistent with the objective medical evidence showing that claimant's lumbar fusion had "excellent height and intact hardware" in June 2016. A.R. 28.[3]  Finally, the ALJ relied on the repeated findings of "full strength" and the conservative treatment (pain medication) that Knight received for his back condition after June 2016.  *Id.* at 29.

However, the ALJ did not compare these findings to evidence of Knight's condition during the time the ALJ found him to be disabled.  Specifically, while Knight's condition improved in some regards, Knight's 2016 FCE showed that his ability to carry, pull, and push had decreased since a 2015 FCE.  Most notably, given the ALJ's reliance on Knight's "full strength," the 2015 FCE showed higher muscle strength than the 2016 FCE, and the 2016 FCE noted that Knight's muscle strength was below functional strength in two regards.  (A.R. 904-13, 998-1006).  There is also evidence in the record that demonstrated that Knight was tested at good strength during the disability period.  (A.R. 336-37, 467–68).  The ALJ's failure to compare evidence from the disability and alleged non-disability periods prior to concluding that there was medical improvement was error.

Likewise, the ALJ's citation of "conservative" treatment required further discussion.  Knight was prescribed an opioid for pain, and according to Knight, surgery and therapy had not improved his condition, and he could not afford further treatment.  Because the ALJ's conclusions were not supported by analysis of the record evidence, we find that the ALJ erred in applying the medical improvement standard.  *See Koch v.*

---

[3] A.R. refers to the Administrative Record filed by the parties in this matter.

*Kijakazi*, 4 F.4th 656, 665-66 (8th Cir. 2021) (vacating and remanding for new medical improvement evaluation where cited evidence did not show a difference between claimant's current condition and condition existing at the time of disability).

Thus, we vacate the district court's order and remand with instructions to remand to the Commissioner for a new evaluation of the period after June 10, 2016.[4]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[4]After the ALJ's decision in this case, the Social Security Administration updated the way it evaluates many back and neck impairments. Thus, the former Listing 1.04A was revised and is now Listing 1.15, effective April 2, 2021.  The revised listing requires additional criteria be met prior to a finding of disability. *See* 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020).  Accordingly, on remand, the ALJ should apply the new regulations.  85 Fed. Reg. 78164, n.2.